| People Care Inc. v Contract Dispute Resolution Bd. of the City of N.Y. |
|:---:|
| 2024 NY Slip Op 30810(U) |
| March 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161749/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |

*Justice*

-------------------------------------------------------------------------------X

PEOPLE CARE INCORPORATED,

Petitioner,

- v -

CONTRACT DISPUTE RESOLUTION BOARD OF THE
CITY OF NEW YORK, NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION

Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161749/2023 |
| **MOTION DATE** | 03/08/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1 - 21, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for              ARLENE 78              .

The petition to annul a determination made by respondent the Contract Dispute

Resolution Board ("CDRB") is denied.

**Background**

The instant proceeding arises out of an audit performed by the New York City Human

Resources Administration ("HRA") relating to funds receive by petitioner under the Health Care

Reform Act ("HCRA") of 2000. Petitioner admits it received grants in 2003 and 2004 from the

state Department of Health ("DOH"). According to petitioner, these funds were to be used for

the recruitment and retention of personal care service workers.

Petitioner observes that this dispute has been heavily litigated for more than a decade. It

claims that the prior litigation addressed whether or not HRA had legal authority over HCRA

grants. Petitioner insists that HRA did not conduct an audit of the years 2003 and 2004 until

**161749/2023   PEOPLE CARE INCORPORATED vs. CONTRACT DISPUTE RESOLUTION BOARD**
**OF THE CITY OF NEW YORK ETAL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

2008 and, by then, petitioner had already spent all of the money it received from the DOH for both 2003 and 2004.

It maintains that HRA's demand for the return of the funds is arbitrary and capricious as it is based on the fact that these funds were not spent in the year in which they were received. Petitioner argues that HRA and DOH never adopted a policy requiring entities like petitioner to spend these grants in the same year in which they were received. It observes that CDRB, in a decision dated August 4, 2023, refused to vacate HRA's determination requiring petitioner to pay back these funds.

The CDRB's decision stated that petitioner provided personal care services to Medicaid patients pursuant to contracts with HRA (NYSCEF Doc. No. 24 at 2). These "contracts authorize HRA to conduct annual fiscal audits and to recoup any Medicaid funds that exceed a provider's actual costs" (*id.*). CDRB noted that petitioner argued that "there is no time limitation on the use of HCRA funds and challenges the recoupment demand on that basis" (*id.* at 4). It noted, "[t]hat exact argument, however, was rejected by the Appellate Division in related litigation by a different provider" (*id.*).

CDRB emphasized that it had previously sided with the provider's argument, the same one advanced by petitioner here, and that the Appellate Division, First Department disagreed (*id.* at 4-5). It concluded that:

> "The Appellate Division's decision in *N.Y. Health Care, Inc.* resolves the issue here. Interpreting a nearly identical contract, the court held that HRA's annual auditing and recoupment of Medicaid funds left unspent during each fiscal year is in accordance with the parties' 2001 contract. Thus, far from being arbitrary, capricious, and without any basis in law, HRA's recoupment of HCRA funds that are left unspent during each fiscal year comports with the parties' contracts. People Care attempts to distinguish that case because, unlike *N.Y. Health Care, Inc.*, it had already spent the HCRA funds by the time of the audit. The dispositive and undisputed fact, however, is that the funds were not expended in the fiscal year

**161749/2023   PEOPLE CARE INCORPORATED vs. CONTRACT DISPUTE RESOLUTION BOARD         Page 2 of 5
OF THE CITY OF NEW YORK ETAL
Motion No.  001**

2 of 5

received. Accordingly, HRA is entitled to recoup those HCRA funds" (*id*. at 5 [internal quotations and citations omitted]).

Petitioner insists that it was arbitrary to order the recoupment of these funds where it undoubtedly spent these funds for the correct purposes, albeit not in the same fiscal year in which it was received.

HRA opposes the petition and contends that CDRB's decision was supported by applicable law. It stresses that CDBR's determination simply followed a binding appellate decision. It emphasizes that this Court's review of the subject decision is limited and does not extend to considering the fairness of CDRB's ruling.

CDRB files an answer in which it claims it has no interest in the outcome of the instant proceeding and merely reached a determination for the "real parties in interest," petitioner and HRA.

In reply, petitioner argues that HRA does not contest petitioner's arguments about the practical economic effects of requiring it to pay back nearly $7 million. It insists that no court has held that HRA can recoup funds that were already spent by a provider prior to the audit.

**Discussion**

"Judicial review of a CDRB determination is limited to the question of whether it was made in violation of lawful procedure, was affected by an error of law, or was arbitrary or capricious or an abuse of discretion" (*Start El., Inc. v City of New York*, 104 AD3d 488, 488, 961 NYS2d 119 [1st Dept 2013] [internal quotations and citation omitted]).

In 2021, the Court of Appeals "conclude[d] that the funds for personal care services paid to petitioner People Care, Inc. under the Health Care Reform Act (Public Health Law §§ 2807–v[1][bb][i], [iii]) are Medicaid funds subject to the audit and recoupment authority of the City of New York Human Resources Administration (HRA)" (*People Care Inc. v City of New York*

**161749/2023   PEOPLE CARE INCORPORATED vs. CONTRACT DISPUTE RESOLUTION BOARD          Page 3 of 5**
**OF THE CITY OF NEW YORK ETAL**
**Motion No.  001**

3 of 5

[* 3]

*Human Resources Admin.*, 36 NY3d 1088, 1090, 143 NYS3d 329 [2021]). Moreover, the Appellate Decision, First Department, in a subsequent decision, observed that "the annual auditing and recoupment of Medicaid funds left unspent during each fiscal year" complied with a contract similar to the one at issue here (*City of New York v Contr. Dispute Resolution Bd. of City of New York*, 202 AD3d 532, 534, 164 NYS3d 71 [1st Dept 2022]).

The Court finds that the CDRB's determination is rational under the above-cited First Department case. That case noted, in a situation involving a similar contract, that recoupment of funds left unspent during a fiscal year comports with the service provider contract (*id*.). Petitioner's claims that there were no specific findings about entities that already spent the money does not compel a different outcome.

CDRB noted that "That there was some legal uncertainty about the status of HCRA funds, as People Care asserts, is all the more reason it should have exercised diligence before it expended these funds beyond the fiscal year they were received" and that "People Care has not shown that it was reasonable to assume that HCRA funds would be treated differently from other Medicaid funds" (NYSCEF Doc. No. 24 at 5). As stated above, this Court's task in reviewing a CDRB decision is to evaluate whether or not the decision was irrational. The Court cannot substitute its own judgment for that of the CDRB or annul a determination simply because it could be interpreted as being unfair.

Here, the CDRB decision was exceedingly rational. CDRB even noted that it had previously agreed with petitioner's position that funds could only be recouped if they were spent for an improper purpose (*id*. at 4). But CDRB stressed that this position was rejected by the Appellate Division, First Department and it was bound by that holding. This Court, too, is bound by the decision of the Appellate Division.

**161749/2023   PEOPLE CARE INCORPORATED vs. CONTRACT DISPUTE RESOLUTION BOARD**               **Page 4 of 5**
**OF THE CITY OF NEW YORK ETAL**
**Motion No.  001**

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is denied without costs or disbursements upon presentation of proper papers therefor.

| 3/13/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |